# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30278

RAYMOND PAYTON,

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2016

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

BLAIR'S BAIL BONDS, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-4931

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

Raymond Payton, Louisiana prisoner # 107479, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. He has also filed what he styles as a request for a settlement in good faith.

The district court denied Payton leave to appeal IFP and certified that this appeal was not taken in good faith because Payton's pleadings failed to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allege a proper basis for relief under § 1983. In dismissing Payton's § 1983 suit, the district court determined that Payton did not state a cognizable § 1983 action because Payton's allegations did not establish that the defendant, a private business, acted under the color of state law.

By moving to proceed IFP, Payton is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Payton does not brief any argument challenging the district court's determination that his complaint failed to state a claim under § 1983 because his allegations did not show that the defendant acted under the color of state law. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Payton has not shown that the district court's certification was incorrect.

Payton's IFP motion is denied. The instant appeal is without arguable merit, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), and is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Payton's motion for a settlement in good faith is denied.

A prisoner is not eligible to proceed IFP in a civil action or on appeal from a judgment in a civil action if he has on three or more prior occasions, while incarcerated or detained in a facility, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). For purposes of § 1915(g), a "prisoner" includes "any person

incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1915(h).

As a prisoner, Payton has filed at least three other § 1983 actions that were dismissed by the district court as frivolous and/or for failure to state a claim upon which relief may be granted: *Payton v. Wright*, No. 2:13-CV-181 (E.D. La. Aug. 26, 2013); *Payton v. Cannizarro*, No. 2:13-CV-406 (E.D. La. Aug. 13, 2013); and *Payton v. Gusman*, No. 2:12-CV-2578 (E.D. La. Oct. 7, 2012). Payton did not file an appeal in any of those cases, and they each count as a strike under § 1915(g). The district court's dismissal of Payton's instant § 1983 suit and this court's dismissal of this appeal as frivolous also both count as strikes for purposes of § 1915(g).

Thus, Payton has accumulated at least three strikes under § 1915(g) and is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Payton is warned that frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. Payton is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

APPEAL DISMISSED; IFP MOTION DENIED; MOTION REQUESTING SETTLEMENT DENIED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.